John W. Villines (CA SBN 193672)
JV LAW
726 14th Street, Suite E
Modesto, CA  95354
*Mailing Address*:
P.O. Box 580049
Modesto, CA  95358-0002
Tel:  (209) 524-9903
Fax: (209) 524-6655
E-Mail:  john@jvlaw.net

Attorneys for Plaintiffs
CHANTHAPHONE SAYAVONG &
LEK SOURIYARANGSY

# IN THE UNITED STATES DISTRICT COURT

# FOR THE EASTERN DISTRICT OF CALIFORNIA

# SACRAMENTO DIVISION

| | |
|---|---|
| CHANTHAPHONE SAYAVONG and LEK SOURIYARANGSY, individuals,<br><br>Plaintiffs,<br><br>vs.<br><br>AURORA LOAN SERVICES, LLC, CAL-WESTERN RECONVEYANCE CORPORATION and JOHN & JANE DOES 1 – 10;<br><br>Defendants. | Case No.:  2:09-at-00092<br><br>**COMPLAINT FOR RECISSION, DAMAGES & JURY DEMAND** |

Plaintiffs CHANTHAPHONE SAYAVONG and LEK SOURIYARANGSY, both

an individual, hereby complain and allege as follows:

## I. Preliminary Statement

1.   Plaintiffs CHANTHAPHONE SAYAVONG and LEK SOURIYARANGSY

bring this action against AURORA LOAN SERVICES, LLC, CAL-WESTERN

JV Law
P.O. Box 580049
Modesto, CA 95358
Tel:  209.524.9903
Fax:  209.524.6655
www.jvlaw.net

-1-

**COMPLAINT FOR RESCISSION, DAMAGES, & JURY DEMAND**

RECONVEYANCE CORPORATION, and JOHN and JANE DOES 1 THROUGH 10 (collectively hereinafter "Defendants") to:

    a. Give effective Notice to Rescind and Cancel the security instrument;

    b. Enforce Rescission;

    c. Reimburse all fees, charges, and costs paid in a consumer credit transaction pursuant to violations of the Truth in Lending Act, 15 U.S.C. §§ 1601 *et seq.* ("TILA"), and its implementing regulations at 12 C.F.R. § 226 *et seq.* ("Reg. Z"); and

    d. Obtain a reasonable attorney fee.

2. Plaintiffs also seek declaratory and injunctive relief to further restrain Defendants under Cal. Business and Professions Code § 17200, *et seq.*, common law fraud, misrepresentation and deceit, against Defendants herein. All such California claims are properly asserted under this Court's pendent or supplemental jurisdiction

3. The Defendants are proper parties to be sued for claims arising out of the transaction when Defendants are attempting to *enforce contractual obligations* and the Plaintiffs are in an affirmative or defensive position asserting a rescission claim under TILA, Reg. Z, and asserting other statutory relief under California law, and for any claims in the nature of a defense in recoupment and set-off against all Defendants.

**JV Law**
P.O. Box 580049
Modesto, CA 95358
Tel: 209.524.9903
Fax: 209.524.6655
www.jvlaw.net

-2-

COMPLAINT FOR RESCISSION, DAMAGES, & JURY DEMAND

## II. Parties

4. Plaintiffs CHANTHAPHONE SAYAVONG and LEK SOURIYARANGSY, (hereinafter "Plaintiff" or "Plaintiffs") are both a *consumer* and a *natural person* as that term is defined under 15 U.S.C. § 1602(h). Plaintiffs have rights as a citizens domiciled here in California, the owners of the *principal dwelling* commonly known as 10830 Flaming Star Lane, in Stockton, California 95209 (hereinafter the "Property") and at all times relevant and material hereto, reside on the Property as their family home.

5. Defendant AURORA LOAN SERVICES, LLC ("AURORA"), is a Delaware limited liability company that is registered with the California Secretary of State as a foreign LLC and is doing business in California with minimum contacts here in this forum by registering with the California state government and maintaining multiple offices throughout California. This Defendant is a *creditor* as that term is defined under 15 U.S.C. § 1602(f) and Reg. Z – 12 C.F.R. § 226.2(a)(17) and at all times relevant hereto is regularly engaged in the business of extending consumer credit for which a Finance Charge is or may be imposed and is payable in more than four installments by written agreement. This Defendant may by served with service of process by serving its statutory agent in California, CORPORATION SERVICE COMPANY, doing business in California as CSC – LAWYERS INCORPORATING SERVICE, 2730

**JV Law**
P.O. Box 580049
Modesto, CA 95358
Tel: 209.524.9903
Fax: 209.524.6655
www.jvlaw.net

-3-

**COMPLAINT FOR RESCISSION, DAMAGES, & JURY DEMAND**

Gateway Oaks Drive, Suite 100, Sacramento, California 95833.

6. Defendant CAL-WESTERN RECONVEYANCE CORPORATION ("CAL-WESTERN"), a California Corporation, is a purported substitute trustee, may claim a pecuniary interest, and is joined and needed for just adjudication. This Defendant may be served with process by serving its statutory agent National Registered Agents, Inc., 2875 Michelle Drive, Suite 100, Irvine, California 92606.

7. Defendants JOHN and JANE DOES 1 – 10 are involved in the instant case and transactions and are currently unknown to Plaintiffs. Said entities will be joined upon further discovery of their true nature and liability once these facts are known and supported by competent evidence.

### III. Jurisdiction/Venue

8. This Court has Jurisdiction in this proceeding pursuant to 28 U.S.C. § 1331, pursuant to 15 U.S.C. § 1640(e) for TILA claims, and pursuant to 28 U.S.C. § 1367 for supplemental jurisdiction of Plaintiffs' state law claims because these claims are so related to the claims within the Court's original jurisdiction that they form part of the same case or controversy under Article 3 of the United States Constitution. The Court has authority to issue a declaratory judgment by virtue of 28 U.S.C. § 2201. Counts arising under contract, common law, and the law of conveyances in real property are properly asserted under this Court's

JV Law
P.O. Box 580049
Modesto, CA 95358
Tel: 209.524.9903
Fax: 209.524.6655
www.jvlaw.net

-4-

COMPLAINT FOR RESCISSION, DAMAGES, & JURY DEMAND

pendent jurisdiction.

9. Venue is proper in this district pursuant to 28 U.S.C. §§ 1391 generally and whereby the real property and a substantial part of the events and claims, the subject of this suit, are situated here, communications notifying Plaintiffs of a non-judicial foreclosure and election to sell under the security instrument conveyed and enforced by Defendants are in this district, and Defendants principle business are within the forum state of California.

## IV. Conditions Precedent

10. All conditions precedent have been performed or have occurred and TILA; Reg. Z violations may be asserted affirmatively and defensively due to the non-judicial foreclosure filing and election to sell and as a recoupment or set-off pursuant 15 U.S.C. 1638 *et seq*.

11. The mere loss of a statutory right to disclosure is an injury that gives the consumer standing for Article III purposes, *DeMando v. Morris*, 206 F.3d 1300 (9th Cir. 2000).

12. Plaintiffs have standing as of the date of the contract and where the contract is a federally related mortgage transaction governed by TILA, Reg. Z and due to the non-judicial foreclosure filings recorded in the official records of San Joaquin County.

/ / /

JV Law
P.O. Box 580049
Modesto, CA 95358
Tel: 209.524.9903
Fax: 209.524.6655
www.jvlaw.net

-5-

COMPLAINT FOR RESCISSION, DAMAGES, & JURY DEMAND

## V. Statement of Facts

13. The federally related mortgage transaction at the root of this case was closed with documents signed on or about December 7, 2006 (hereinafter the "Closing").

14. Plaintiffs' application consolidated and refinanced a previous mortgage loan transaction covering real property then and now the primary *principal dwelling* and home of the Plaintiffs.

15. At the purported Closing, Plaintiffs entered into a mortgage loan transaction (hereinafter the "Transaction") with Bayporte Enterprises, Inc. *dba* Bayporte Financial, and was provided with copies of various documents to include those material to this case, incorporated fully herein and identified as Exhibit 1:

    a. Promissory Note;

    b. A Deed of Trust security instrument;

    c. Good Faith Estimate & List of Providers;

    d. Truth in Lending Disclosure Statement;

    e. Itemization of Amount Financed/Prepaid Finance Charges;

    f. Notice of Right to Cancel; and,

    g. A Borrower HUD-1 Final Closing Statement.

16. The Transaction required Plaintiffs to pay money arising out of a transaction in which money, property, or goods and services were the subject thereof and

JV Law
P.O. Box 580049
Modesto, CA 95358
Tel: 209.524.9903
Fax: 209.524.6655
www.jvlaw.net

-6-

COMPLAINT FOR RESCISSION, DAMAGES, & JURY DEMAND

the same were primarily for personal, family and household purposes.

17. The Transaction and all closing documents characterize a *Consumer Credit Transaction* as that term is defined under 15 U.S.C. § 1602(h) and Reg. Z – 12 C.F.R. § 226.2(a).

18. The Transaction is a Closed-end Credit Transaction as that term is defined in Reg. Z § 226.2(10) where a *security interest* was retained in favor of Defendant.

19. Defendant AURORA was listed as an "Investor" and "Correspondent Lender" on the Good Faith Estimate, *List of Providers* page. Plaintiffs are informed and believe, and thereon allege, that Defendant Aurora Loan Services subsequently became the assignee and substitute beneficiary of the deed of trust security instrument.

20. The Transaction is subject to all content requirements set forth in 15 U.S.C. § 1635(a), and 15 U.S.C. § 1638; Reg. Z §§ 226.17 – 226.23.

21. The material documents specifically identified above in Plaintiffs' Paragraph 15, Exhibit 1, all failed in one or more material respects to disclose to the Plaintiffs in a form and manner required by applicable statute and regulation, the true nature and cost of this Transaction.

22. Specifically, the Notice of Right to Cancel referenced above, Exhibit 1f, has omitted the date of the transaction and omitted the date rescission rights terminate, and only two (2) copies total were provided to Plaintiffs in a form

**JV Law**
P.O. Box 580049
Modesto, CA 95358
Tel: 209.524.9903
Fax: 209.524.6655
www.jvlaw.net

-7-

**COMPLAINT FOR RESCISSION, DAMAGES, & JURY DEMAND**

Plaintiffs may retain, even though both Plaintiffs have an ownership interest subject to the security interest and are entitled to receive 2 copies *each*.

23. In addition, only one (1) copy of a Truth in Lending Disclosure Statement was provided to Plaintiffs in a form Plaintiffs may retain even though both Plaintiffs have an ownership interest subject to the security interest and are entitled to receive all disclosures.

24. In addition, the Truth in Lending Disclosure, Exhibit 1d, and the Itemization of Amount Financed/Prepaid Finance Charges, Exhibit 1e, identifies finance charges that are contrary to the actual service fees and charges itemized on the HUD – 1 Final Closing Settlement Statement, Exhibit 1g.

25. The discrepancy on the face of theses documents identifies charges that are not bona fide and reasonable and not in good faith.

26. The HUD – 1 Final Closing Settlement Statement, Exhibit 1g, also identifies additional charges deducted from the "Amount Financed" that are actually "Finance Charges" as that term is defined under U.S.C. § 1605(a) and Reg. Z – 12 C.F.R. § 226.4(a).

27. The failure to accurately disclose these charges and settlement service fees varies by more than $350.00 and materially understates the "Finance Charges" and the A.P.R. on the Truth in Lending Disclosure Statement, Exhibit 1d.

/ / /

**JV Law**
P.O. Box 580049
Modesto, CA 95358
Tel: 209.524.9903
Fax: 209.524.6655
www.jvlaw.net

-8-

**COMPLAINT FOR RESCISSION, DAMAGES, & JURY DEMAND**

28. Pursuant to Reg. Z – 12 C.F.R. § 226.23(h)(2), *Special rules for foreclosures, Tolerance for Disclosures*, when a foreclosure is underway, the tolerance for Rescission is only $35.00 for an understated "Finance Charge" disclosure.

29. The failure to accurately and effectively disclose the Truth in Lending Disclosure Statement is a failure to accurately provide a *material* disclosure as that term is defined under 15 U.S.C. § 1602(u) and Reg. Z – 12 C.F.R. § 226.23(a)(3), n48.

30. Defendant AURORA ratified this transaction with ineffective Notice of Right to Cancel and ineffective Truth in Lending Disclosure Statement knowing that the original application was for two people having an ownership interest.

31. Defendant AURORA knew, or should have known, they it was not in possession of documents sufficient to evidence that Plaintiffs were provided with effective Notice of Right to Cancel, and that said Notice is defective with omitted dates of the transaction and omitted dates rescission rights terminate.

32. Further, Defendant AURORA knew, or should have known, they the disclosures of the "Finance Charges," "Amount Financed," and "A.P.R." were inaccurate and constituted a failure to accurately provide a *material* disclosures to Plaintiffs as that term is defined under TILA 15 U.S.C. § 1602(u) and Reg. Z – 12 C.F.R. § 226.23(a)(3), n48.

33. Plaintiffs individually and jointly have a continuing right to rescind the

**JV Law**
P.O. Box 580049
Modesto, CA 95358
Tel: 209.524.9903
Fax: 209.524.6655
www.jvlaw.net

-9-

COMPLAINT FOR RESCISSION, DAMAGES, & JURY DEMAND

Transaction until the third business day after receiving both the proper Notice of Right to Cancel and delivery of all *material* disclosures correctly made in a form the Plaintiffs may keep pursuant to 15 U.S.C. § 1635(a) and Reg. Z – 12 C.F.R. § 226.23(a).

34. The 3-day right to rescind is statutorily extended up to three (3) years under TILA 15 U.S.C. § 1635(f) due to the foregoing *material* failure to provide effective Notice of Right to Cancel, an effective Truth in Lending Disclosure Statement, and accurate Truth in Lending disclosures regarding the "Finance Charges," "Amount Financed," and "A.P.R." of the Transaction.

35. Defendants have recorded a Notice of Default and a Notice of Trustee Sale in the Official Records of San Joaquin County. Defendants have scheduled a Trustee Sale of the Property for **Tuesday, January 20, 2009**.

36. Since a foreclosure is underway, pursuant to Reg. Z – 12 C.F.R. § 226.23(h)(2), the inaccurate and understated "Finance Charge" disclosure is ten times (10x) the amount allowed by TILA and Reg. Z, giving Plaintiffs the right to rescind the Transaction.

37. Plaintiffs gave Defendants effective Notice of Intent to Cancel and Rescind via written correspondence from Plaintiffs' counsel that was faxed to both Defendants on January 19, 2009.

28. Plaintiffs also hereby give effective notice to rescind the Transaction to

**JV Law**
P.O. Box 580049
Modesto, CA 95358
Tel: 209.524.9903
Fax: 209.524.6655
www.jvlaw.net

-10-

COMPLAINT FOR RESCISSION, DAMAGES, & JURY DEMAND

Defendant AURORA without further notice, surrender the Property or its equivalent in value, determined by application of all proceeds since origination, and dispute any alleged default due to rescission of the Transaction.

39. A controversy has arisen due to Defendants failure to provide accurate *material* disclosures so that Plaintiffs may tender any balance and extinguish the Transaction by operation of law.

40. The foregoing acts and *material* omissions of the Defendants were undertaken willfully, persistently, intentionally, knowingly, and/or in gross or reckless disregard of the Plaintiffs' disclosure rights.

## VI. Claims for Relief

### Count 1 – Rescission under TILA; Reg. Z

41. Plaintiffs incorporate each paragraph set forth above as if fully stated herein.

42. A rescission action may be brought against an assignee, regardless of whether the assignee is a "creditor" or whether the violation was apparent on the face of the disclosure statement under 15 U.S.C. § 1641(c).

43. As a result of Defendant AURORA's failure to provide proper *material* disclosures correctly as described above, Plaintiffs are entitled and have exercised their right of rescission of the Transaction.

44. Rescission of the Transaction extinguishes any liability Plaintiffs have to Defendant AURORA for finance or other charges arising from the Transaction.

JV Law
P.O. Box 580049
Modesto, CA 95358
Tel: 209.524.9903
Fax: 209.524.6655
www.jvlaw.net

-11-

COMPLAINT FOR RESCISSION, DAMAGES, & JURY DEMAND

45. Defendant AURORA has a fiduciary duty and obligation to perform upon notice of rescission by canceling this specific Transaction as well as any enforcement thereof. Accordingly, any alleged security instrument and Notice of Default and Election to Sell is void and unenforceable under 15 U.S.C. § 1635(b).

46. Defendant AURORA has twenty-days (20) to refund or credit the alleged account all monies paid and to void the security interest, or seek judicial guidance.

47. Defendant AURORA's performance is a condition precedent to Plaintiffs duty to tender pursuant to the procedures set forth in TILA 15 U.S.C. § 1635(b) and Regulation Z - 12 C.F.R. § 226.23(d)(1) – (3), and failure to lawfully respond gives rise to statutory and actual damages under 15 U.S.C. § 1640.

48. Any further acts to enforce an invalid security instrument and impose finance charges and fees are wrongful, improper, and a serious breach of fiduciary duty associated with Defendant AURORA's obligations. Such acts violate TILA and Reg. Z, and are contrary to the explicit statutory requirements and contract between the parties.

49. Said acts entitle Plaintiffs to statutory and actual relief, orders enforcing rescission, and a reasonable attorney fee.

/ / /

**JV Law**
P.O. Box 580049
Modesto, CA 95358
Tel: 209.524.9903
Fax: 209.524.6655
www.jvlaw.net

-12-

COMPLAINT FOR RESCISSION, DAMAGES, & JURY DEMAND

## Count 2 – TILA; Reg. Z

50. The original payee of the note and beneficiary of all other documents at a purported closing with Defendant AURORA acted in contravention of TILA and Reg. Z in the following particulars, each and all of which may also be asserted affirmatively and defensively by Plaintiffs as a result.

51. The TILA Disclosure Statements, and all documents provided to Plaintiffs in conjunction with this consumer credit transaction violated the requirements of Truth in Lending and Regulation Z in the following other respects:

   i. By failing to provide all required disclosures prior to consummation of the transaction in violation of 15 U.S.C. § 1638(b) and Reg. Z § 226.17(b);

   ii. By failing to make required rescission disclosures 'clearly and conspicuously' in writing in violation of 15 U.S.C. § 1632(a) and Reg. Z § 226.17(a)(1);

   iii. By failing to provide the date of the Transaction or the expiration date rescission rights terminate in violation of Reg. Z – 12 C.F.R. § 226.23(b)(1)(v);

   iv. By failing to provide the required number of copies to Plaintiffs of the Notice of Right to Cancel and Truth in Lending Disclosure Statement in violation of Reg. Z – 12 C.F.R. § 226.23(b)(1);

JV Law
P.O. Box 580049
Modesto, CA 95358
Tel: 209.524.9903
Fax: 209.524.6655
www.jvlaw.net

-13-

COMPLAINT FOR RESCISSION, DAMAGES, & JURY DEMAND

  v. By failing to include in the "Finance Charges" certain charges imposed by Defendant AURORA payable by Plaintiffs incident to the extension of credit as required by 15 U.S.C. § 1605 and Reg. Z – 12 C.F.R. § 226.4, thus improperly disclosing the finance charge in violation of 15 U.S.C. § 1638(a)(3) and Reg. Z – 12 C.F.R. § 226.18(d); and

  vi. By failing to accurately disclose *material* disclosures in violation of 15 U.S.C. § 1632(u) and Reg. Z – 12 C.F.R. § 226.23(a)(3), n48.

### Count 3 – Cal. Bus. And Prof. Code § 17200 *et seq*.

52. Plaintiffs re-allege and incorporate herein the allegations contained in the preceding paragraphs inclusive above.

53. Plaintiffs brings this action in an individual capacity as a private attorney general acting on her own behalf, pursuant to Cal. Business and Professions Code § 17200, *et seq*. referred to as the Unfair Competition Law ("UCL").

54. Plaintiffs are acting in an individual capacity to remedy the ongoing unlawful, unfair and fraudulent business practices alleged herein, and to seek injunctive relief and restitution on her behalf as being affected thereby.

55. The foregoing acts and omissions of Defendant AURORA affect trade and commerce as that term is defined under the UCL.

**JV Law**
P.O. Box 580049
Modesto, CA 95358
Tel: 209.524.9903
Fax: 209.524.6655
www.jvlaw.net

-14-

COMPLAINT FOR RESCISSION, DAMAGES, & JURY DEMAND

56. The UCL defines unfair competition to include any unlawful, unfair, or fraudulent business act or practice and provides that a court may order injunctive relief and restitution to affected parties as a remedy for any violations of the UCL.

57. Beginning on the dates indicated above and at all times relevant herein, Defendants and the DOE Defendants have committed acts of unfair competition proscribed by the UCL including the practices alleged herein against Plaintiffs.

58. Prior to the filing of the claims in this action, and continuing thereafter, Defendant AURORA has been systematically violated the provisions of TILA and Reg. Z, the contract between the parties, and to such extent as to induce confusion as to source and sponsorship of services.

59. These violations are and were a matter of their standard corporate policy, and constitute a consistent pattern and practice of unlawful corporate behavior.

60. The business acts and practices of Defendant AURORA, as hereinabove alleged, constitute "unlawful" business practices under UCL in that, for the reasons set forth above, said acts and practices violate the provisions of TILA and Reg. Z, the contract between the parties, and the obligations thereof.

61. The business acts and practices of Defendant AURORA, as hereinabove alleged, constitute "unfair" business practices under UCL in that said acts and practices offend *public policy* and are substantially injurious to Plaintiffs and all

**JV Law**
P.O. Box 580049
Modesto, CA 95358
Tel: 209.524.9903
Fax: 209.524.6655
www.jvlaw.net

-15-

COMPLAINT FOR RESCISSION, DAMAGES, & JURY DEMAND

consumers. Said acts and practices have no utility that outweighs their substantial harm to the Plaintiffs, all consumers, and potential homeowners.

62. In the course of this Transaction, Defendant AURORA made one or more misrepresentations and/or failed to make accurate representations and/or failed to provide material information about the Transaction as set forth more fully above.

63. Specifically Defendant AURORA processed and ratified this Transaction, substantially amended and failed to deliver *material* disclosures under TILA and Reg. Z, failed to comply with the contract between the parties, failed to comply with statutory good faith and fair dealing.

64. Said misrepresentations and failure to make accurate representations were made knowingly or with reason to know that Plaintiffs would rely thereon.

65. Said misrepresentations and failure to make accurate representations were *material* to the Transaction from origination to present.

66. Said misrepresentations and failure to make accurate representations were made with intent and Plaintiffs relied thereon by seeking legal counsel and filing this rescission claim.

67. Plaintiffs did reasonably rely as specified in these factual allegations.

68. Plaintiffs were thereby damaged and have a substantial ascertainable loss.

69. The business acts and practices of Defendants, as hereinabove alleged,

**JV Law**
P.O. Box 580049
Modesto, CA 95358
Tel: 209.524.9903
Fax: 209.524.6655
www.jvlaw.net

-16-

**COMPLAINT FOR RESCISSION, DAMAGES, & JURY DEMAND**

constitute "fraudulent" business practices under UCL in that said acts and practices are likely to deceive the public and affected consumers as to their legal rights and obligations, and by use of such deception, failing to deliver *material* documents, and concealment, may preclude consumers from exercising legal rights to which they are entitled.

70. The unlawful, unfair and fraudulent business acts and practices of Defendant AURORA described herein present a continuing threat to members of the general public and the Plaintiffs in that Defendant AURORA and the DOE Defendants are currently engaging in such acts and practices, and will persist and continue to do so unless and until an injunction is issued by this Court.

71. Pursuant to the UCL § 17203, Plaintiffs seek an order enjoining Defendant AURORA from engaging in the acts and practices as hereinabove alleged, and ordering that Defendant AURORA provide appropriate restitution to Plaintiffs.

72. Plaintiffs seek recovery of attorneys' fees, costs and expenses incurred in the filing and prosecuting this action pursuant to the Code of Civil Procedure § 1021.5 and any other applicable law.

## VII. Jury Trial Demand

Pursuant to the seventh amendment to the Constitution of the United States of America, Plaintiffs are entitled to, and hereby demand, a trial by jury.

///

**JV Law**
P.O. Box 580049
Modesto, CA 95358
Tel: 209.524.9903
Fax: 209.524.6655
www.jvlaw.net

-17-

COMPLAINT FOR RESCISSION, DAMAGES, & JURY DEMAND

# VIII. Prayer for Relief

WHEREFORE, as a result of the violations of TILA and Reg. Z, pursuant to 15 U.S.C. §§ 1635(a) and 1640(a), and the California UCL Plaintiffs pray for judgment against Defendants as follows:

1. Rescission of this Transaction,
2. Termination of any security interest in Plaintiffs' property created under the transaction,
3. Return of any money or property given by the Plaintiffs to anyone, including Defendant AURORA, in connection with this transaction,
4. Statutory damages of no less than $2,000 for the disclosure violations,
5. Statutory damages of no less than $2,000 for Defendants' failure to respond properly to Plaintiffs' valid rescission notice,
6. Forfeiture of return of loan proceeds if Defendant AURORA further fails to respond properly to Plaintiffs' claim,
7. Statutory damages as provided by state law,
8. Enjoin Defendant AURORA during the pendency of this action, and permanently thereafter, from instituting, prosecuting, or maintaining a legal or non-judicial proceeding on the Plaintiffs' Property, from recording any deeds, mortgages, or liens on or regarding the Property, except a lawful release of lien, and from otherwise taking any steps to deprive Plaintiffs of

JV Law
P.O. Box 580049
Modesto, CA 95358
Tel: 209.524.9903
Fax: 209.524.6655
www.jvlaw.net

-18-

COMPLAINT FOR RESCISSION, DAMAGES, & JURY DEMAND

their ownership of the Property;

9. A Court Order that if Defendant AURORA fails to further respond lawfully to Plaintiffs' valid rescission notice, Plaintiffs have no duty to tender, but in the alternative, if tender is required, a determination of the amount of the tender obligation in light of Plaintiffs' claims, and a further order for Defendant AURORA to accept tender on reasonable terms and over a reasonable period of time,

10. Actual damages in an amount to be determined at trial,

11. Reasonable attorney fee and costs of suit,

12. For such other and further relief as the Court may deem just and proper.

DATED:  January 19, 2009                    JV LAW

By: /s/ John W. Villines/

John W. Villines
Attorneys for Plaintiffs
CHANTHAPHONE SAYAVONG
and LEK SOURIYARANGSY

**JV Law**
P.O. Box 580049
Modesto, CA 95358
Tel:  209.524.9903
Fax:  209.524.6655
www.jvlaw.net

-19-

COMPLAINT FOR RESCISSION, DAMAGES, & JURY DEMAND